2015 IL App (2d) 130599
No. 2-13-0599
Opinion filed February 19, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-1763 |
| ROBERT NORTON, | ) ) | Honorable Gary V. Pumilia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Robert Norton, appeals, challenging the restitution order entered as part of the sentence imposed for his conviction of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2010)). His appeal is untimely under the rule in *People v. Serio*, 357 Ill. App. 3d 806 (2005). We therefore dismiss the appeal for want of jurisdiction.

¶ 2                                I. BACKGROUND

¶ 3   Defendant, who had a bench trial, was convicted of two counts of aggravated domestic battery. His sentencing hearing took place on May 11, 2012. The court imposed a sentence of imprisonment and ordered defendant to pay $150,000 in restitution to the battery victim.

Defense counsel filed a motion to reconsider the sentence, which the court heard and denied on June 29, 2012.

¶ 4    Immediately upon the court's denial of the motion to reconsider the sentence, defendant told the court that he wanted to raise a claim of ineffective assistance of counsel and asked the court how that would interact with his right to appeal. The court advised defendant that if he filed the motion he had with him, "the notice of appeal is not filed," and after the court decided defendant's motion defendant could "decide what [he] want[ed] to do." Defendant asked for further clarification, and the court told him, "[I]f you file it now, I will consider this as part of a motion for a new trial, and I'll deal with it here, right now before the appeal." The State argued that the motion "should be" a postconviction petition, but the court stated, "It makes more sense for me to deal with it now rather than have it come back and me deal with it." Defendant filed his motion, and the court appointed new counsel to represent him on his motion.

¶ 5    Defense counsel filed what he called a supplemental motion for a new trial, stating that it was his understanding that, under the trial court's interpretation, the time defendant had to appeal was not running during the pendency of the motion. The State asserted that the court had "advised [original defense counsel] not to file the [appeal] papers at [the] last court date so the Court would retain jurisdiction." The court denied the motion at the conclusion of an evidentiary hearing that ended on May 3, 2013. Defendant filed a notice of appeal immediately upon the court's entry of the denial.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, defendant asserts that we have jurisdiction of this appeal under the rule we set out in *Serio*. We do not agree. Application of the rule in *Serio* results in this appeal's dismissal for untimeliness. Further, because defendant filed his notice of appeal beyond the period in

which we may grant a motion for leave to file a late notice of appeal (see Ill. S. Ct. R. 606(c) (eff. Mar. 20, 2009)), we lack any other possible basis to take jurisdiction of the appeal. *Cf. People v. Stanford*, 2011 IL App (2d) 090420, ¶¶ 20-26 (we may deem the filing of a notice of appeal within the time for filing a late notice of appeal as equivalent to the filing of a motion for leave to file the late notice of appeal).

¶ 8    Under our holding in *Serio*, a *pro se* motion asserting the ineffectiveness of counsel that is filed fewer than 30 days after the court has decided a postsentencing motion *does not* extend the time in which a defendant may appeal. *Serio*, 357 Ill. App. 3d at 817. To be sure, the trial court has both *jurisdiction* to consider such a motion and a *duty* to address the sufficiency of that motion. *Serio*, 357 Ill. App. 3d at 816-17. Nevertheless, a successive postjudgment motion does not extend the time for appeal. *Serio*, 357 Ill. App. 3d at 817.

¶ 9    The rule in *Serio* creates a conundrum for a defendant when, as here, the consideration of the *pro se* motion delays the notice of appeal more than 30 days after the denial of the first postjudgment motion. Here, the court did not assist defendant. Instead, it misadvised defendant that the time in which he could appeal was tolled when, as we have shown, it was not. Defendant's loss of his right to appeal was rooted in incorrect advice from the court; the result here is problematic in that respect. However, we do not have the authority to disregard our lack of jurisdiction; such jurisdiction may be realized only by a supreme court supervisory order.

¶ 10                                III. CONCLUSION

¶ 11    For the reasons stated, we dismiss defendant's appeal for want of jurisdiction.

¶ 12    Appeal dismissed.